Michael J. Carcich (MJC-5207)
Guerric S.D.L. Russell (GSR-4845)
NICOLETTI HORNIG & SWEENEY
Attorneys for Defendant
UNDERWRITERS INSURANCE COMPANY
Wall Street Plaza
88 Pine Street, 7th Floor
New York, New York 10005-1801
(212) 220-3830
Our File:    22000111 MJC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
YELLOW TRANSPORTATION, INC.,
f/k/a YELLOW FREIGHT SYSTEMS, INC.,

               Plaintiff,

           vs.

UNDERWRITERS INSURANCE COMPANY,
THE CONTINENTAL INSURANCE COMPANY,
and XYZ CORPORATIONS, fictitious entities,

              Defendants.
-------------------------------------------------------------X

Civil Action No.:
07 CIV 4764
(Stanton, J.)

**ANSWER TO
COMPLAINT**

      NORTH AMERICAN SPECIALTY INSURANCE CO. as successor in interest to and for and on behalf of Defendant, UNDERWRITERS INSURANCE COMPANY, (hereinafter "UIC"), by its attorneys Nicoletti Hornig & Sweeney, as and for UIC's ANSWER to Plaintiff's COMPLAINT herein, alleges on information and believe, as follows:

      1.    Admits that the paragraphs of the COMPLAINT following paragraph "1" are averred by Plaintiff through its counsel as Plaintiff's COMPLAINT. Except as so admitted, UIC denies the allegations of paragraph "1" of the COMPLAINT.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "2" of the COMPLAINT and on such basis denies those allegations.

3. Denies the allegations of paragraph "3" of the COMPLAINT.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "4" of the COMPLAINT and on such basis denies those allegations.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "5" of the COMPLAINT and on such basis denies those allegations.

6. Admits that Plaintiff alleges as the basis of Federal Court jurisdiction the diversity of citizenship of the parties. Except as so admitted, UIC denies the allegations of paragraph "6" of the COMPLAINT.

7. Denies the allegations of paragraph "7" of the COMPLAINT.

8. Denies the allegations of paragraph "8" of the COMPLAINT.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "9" of the COMPLAINT and on such basis denies those allegations.

10. Admits that defendants UIC and THE CONTINENTAL INSURANCE COMPANY, (hereinafter "CONTINENTAL"), each agreed to contribute $6,701.46 towards settlement of a certain action previously pending in the U.S. District Court of the Southern District of New York entitled Royal Insurance Company v. Yellow Freight Systems, Inc.

Civil Action No. 00 Civ. 7176 (LLS), (hereinafter "the Royal Action"). Except as so admitted, UIC denies the allegations of paragraph "10" of the COMPLAINT.

11. Admits that the basis of the Royal Insurance Company (hereinafter "Royal") claim in the Royal Action was alleged loss of cargo at sea while in transit to Puerto Rico. Except as so admitted, UIC denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the COMPLAINT and on such basis, denies those allegations.

12. Admits that the cargo which was the subject of the Royal Action was carried on board an ocean vessel operated by NPR, Inc., the M/V HUMACAO, which on or about September 14-16, 1999, after leaving Jacksonville, Florida en route to San Juan, Puerto Rico encountered a peril of the sea in the form of Hurricane Floyd resulting in the loss overboard of the subject cargo. Except as so admitted UIC denies the allegations of paragraph "12" of the COMPLAINT.

13. Admits that under its tariff, the applicable bills of lading, and applicable law NPR, Inc. is not liable for any loss, damage or delay caused by a peril of the sea and that NPR, Inc.'s tariff provided in part that:

> RULE 2-AG
> Effective: 07 May 1997
>
> INSURANCE
>
> MATTER TRANSFERRED FROM RULE 574
>
> (Only when in Water Carrier's Possession)
>
> I.    Except for refrigerated or temperature controlled cargoes other than frozen, private owned vehicles, live animals, live plants or live trees . . . , the rates in Navieras Tariffs include insurance purchased by the Carrier for the benefit of the shipper and/or

3

consignee.... The policies governing this insurance is an Open Cargo Policy issued through Marsh McLennan, 1166 Avenue of the Americas, New York, New York. Certificates of Insurance are available upon request....

\* \* \*

A.  GENERAL:

    1.  Duration of Insurance:
   This insurance commences at time the goods are received by Carrier and continues during ordinary course of transit until goods are delivered by Carrier at point of discharge of goods from Carrier's vessel whichever occurs first....

\* \* \*

B.  INSURING TERMS:

The insurance coverage is as follows:

    1.  Merchandise shipped is insured:

   To pay for physical loss and/or damage from any external cause including War Risk and SR&CC but to exclude improper packing, deterioration, inherent vice, improper stowage by shipper or his agent, or any other pre-existing condition.

    2.  The following Clauses of the open policy also apply:
   a. Machinery Clause
   b. Both to Blame Clause
   c. Craft Clause
   d. Labels Clause
   e. Constructive Total Loss Clause
   f. General Average Clause
   g. Bill of Lading Clause
   h. Nuclear Exclusion Clause.

    3.  Exclusion are standard wording of American Institute of American Underwriters Clauses:

4

> "Delay Clause" which excludes any loss caused by any delay however caused, and excludes claims based on loss of market.

* * *

    D.    LIMITS OF INSURANCE COVERAGE:

        1.    Unless higher limits are arranged by the Carrier upon the request of the shipper and/or owner of the goods prior to shipment of the goods by the Carrier, the Insurance provided for in rates making reference to this Rule, shall be subject to the following limits:

           a.    Southbound Shipments:

> $75,0000 for loss or damage to all goods shipped in a trailer or, in the case of goods not shipped in a trailer, $75,000 for loss or damage to all goods shipped under a single bill of lading, "but in no case shall the coverage provided exceed the invoice value of the cargo plus freight, except for Alcoholic Beverages and Tobacco products. Alcoholic Beverages and Tobacco products are insured for invoice value plus freight, plus IR tax stamps or excise tax paid, subject to the limits above....

UIC further admits that it had a 50% participation as an insurer on a several and not joint basis in a certain insurance policy no. JHMMI-JP98-1113 under which NPR, Inc. is a named insured and which provided, *inter alia*, "Tariff" coverage pursuant to the terms, conditions, provisions, exclusions, and limitations of the policy. Except as so admitted, UIC denies the allegations set forth at paragraph "13" of the COMPLAINT.

    14.    Admits that UIC had a 50% participation as an insurer on a several and not joint basis in a certain insurance policy no. JHMMI-JP 98 1113 (hereinafter the "Policy"), which incepted on July 1, 1998 under which, *inter alia*, NPR, Inc. was an assured pursuant to the terms, conditions, provisions, exclusions and limitations thereof respecting certain risks as

enumerated therein. Except as so admitted, UIC denies the allegations of paragraph "14" of the COMPLAINT.

15. Admits that UIC and CONTINENTAL under the Policy, on behalf of NPR, Inc. settled certain cargo claims asserted against NPR, Inc. respecting loss and/or damage to cargo carried on board the M/V HUMACAO as a result of Hurricane Floyd. Except as so admitted, UIC denies the allegations of paragraph "15" of the COMPLAINT.

16. Admits that the deductible provided in the Policy payable by NPR, Inc. respecting liability claims asserted by cargo claimants against it resulting from Hurricane Floyd was paid. Except as so admitted, UIC denies the allegations of paragraph "16" of the COMPLAINT.

17. Admits the allegations of paragraph "17" of the COMPLAINT.

18. Admits the allegations of paragraph "18" of the COMPLAINT.

19. Admits the allegations of paragraph "19" of the COMPLAINT.

20. Denies the allegations of paragraph "20" of the COMPLAINT, except admits that UIC and CONTINENTAL each agreed to contribute $6,701.46 towards settlement of the Royal Action.

21. Admits that on or about March 8, 2001 Plaintiff's counsel wrote to counsel for UIC and CONTINENTAL respecting settlement discussions between plaintiff and defendants herein, but denies that letter accurately reflects the content of those discussions or that any settlement was agreed and denies the remaining allegations of paragraph "21" of the COMPLAINT.

22. Admits that on or about March 13, 2001, in response to Plaintiff's counsel's letter of March 8, 2001, counsel for UIC, on behalf of UIC and CONTINENTAL, wrote to

counsel for Plaintiff to correct the inaccuracies in Plaintiff's counsel's letter by confirming that counsel for UIC and CONTINENTAL had only offered to recommend settlement of certain claims to their principals and the terms on which they would do so. Except as so admitted, UIC denies the allegations of paragraph "22" of the COMPLAINT.

23. Admits that on March 15, 2001, counsel for Plaintiff wrote to confirm Plaintiff's agreement to settlement of the Royal Action only respecting which UIC's and CONTINENTAL's respective counsel had agreed to recommend to their principals that they each contribute $6,701.46 to which settlement UIC and CONTINENTAL subsequently agreed. Except as so admitted, UCI denies the allegations of paragraph "23" of the COMPLAINT.

24. Admits that based on the agreement of the parties to the Royal Action (which did not include UIC or CONTINENTAL) to recommend settlement of that action that the Court entered a sixty day Order of settlement in the Royal Action. Except as so admitted, UIC denies the allegations of paragraph "24" of the COMPLAINT.

25. Admits that on or about March 21, 2001 Murphy Marine Services, Inc. and certain related companies, including NPR, Inc., as debtors, filed a petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (hereinafter the "Bankruptcy Proceeding"). Except as so admitted UIC denies the allegations of paragraph "25" of the COMPLAINT.

26. Admits that based on the filing of the Bankruptcy Proceeding, underwriters suspended payment of claims under the policy pending clarification by the Bankruptcy Court of their ability to fully discharge their liability under the policy by payment of such claims. Except as so admitted, UIC denies the allegations of paragraph "26" of the COMPLAINT.

27. Admits the allegations of paragraph "27" of the COMPLAINT.

28. Admits the allegations of paragraph "28" of the COMPLAINT.

29. Admits that UIC and Continental requested the debtors in the Bankruptcy Proceeding to do so and that on or about September 14, 2001, debtors in the Bankruptcy Proceeding did move in the Bankruptcy Court for an order that:

> (i) the Debtors have no legal or equitable interest in the insurance proceeds and/or the funds to be paid by the Insurance Companies respecting the Cargo Claims and that such funds are not property of the Debtors' Estates pursuant to 11 U.S.C. §541; (ii) the Insurance Companies are authorized to settle and pay the Cargo Claims without further order of the Court; (iii) upon payment of such claims any obligations of the Insurance Companies to the Debtors shall be extinguished respecting the Cargo Claims; and (iv) granting the Debtors and the Insurance Companies such other and further relief as may be just and proper.

Except as so admitted, UIC denies the allegations of paragraph "29" of the COMPLAINT.

30. Admits that on September 26, 2001 an Order was entered in the Bankruptcy Proceeding which speaks for itself and a true copy of which is attached as Exhibit "K" to the COMPLAINT. Except as so admitted, UIC denies the allegations of paragraph "30" of the COMPLAINT.

31. Admits that on September 26, 2001 an order was entered in the Bankruptcy Proceeding which speaks for itself and a true copy of which is attached as Exhibit "K" to the COMPLAINT. Except as so admitted, UIC denies the allegations of paragraph "31" of the COMPLAINT.

32. Admits the allegations of paragraph "32" of the COMPLAINT.

33. Admits that on or about July 25, 2002, the Bankruptcy Proceeding was converted from Chapter 11 to Chapter 7.

34. Denies the allegations of paragraph "34" of the COMPLAINT.

35. Admits that a true copy of an email dated June 30, 2006 from counsel for Plaintiff to counsel for UIC is attached as Exhibit "M" to the Complaint which email speaks for itself. Except as so admitted, UIC denies the allegations of paragraph "35" of the COMPLAINT.

36. Admits that a true copy of a letter dated March 20, 2007 from counsel for Plaintiff to counsel for UIC is attached as Exhibit "N" to the Complaint which letter speaks for itself. Except as so admitted, UIC denies the allegations of paragraph "36" of the COMPLAINT.

37. Admits that a true copy of a letter dated March 20, 2007 from counsel for UIC to counsel for Plaintiff is attached as Exhibit "O" to the Complaint which letter speaks for itself. Except as so admitted, UIC denies the allegations of paragraph "37" of the COMPLAINT.

38. Admits that a true copy of a motion filed by Plaintiff on or about March 30, 2007 in the Royal Action is attached as Exhibit "P" to the Complaint. Except as so admitted, UIC denies the allegations of paragraph "38" of the COMPLAINT.

39. Admits that a true copy of an Order dated May 11, 2007 entered in the Royal Action is attached as Exhibit "Q" to the Complaint. Except as so admitted, UIC denies the allegations of paragraph "39" of the COMPLAINT.

40. Denies knowledge or information sufficient to form a belief with respect to the allegations of paragraph "40" of the COMPLAINT and on such basis denies those allegations.

41. Admits that Plaintiff brings this Complaint for alleged breach of a "...Settlement Contract...", but specifically denies the existence of any such "Settlement

Contract" except respecting contribution by UIC and CONTINENTAL of $6,701.46 each towards settlement of the Royal Action and denies all the remaining allegations of paragraph "41" of the COMPLAINT.

42.  UIC repeats and realleges as if set forth herein at length each and every allegation of paragraphs "1" through "41", *supra* in answer to paragraph "42" of the COMPLAINT.

43.  Denies the existence of any Settlement except respecting contribution by UIC and CONTINENTAL of $6,701.46 each towards settlement of the Royal Action and denies all the remaining allegations of paragraph "43" of the COMPLAINT.

44.  Denies the allegations of paragraph "44" of the COMPLAINT.

45.  Denies the allegations of paragraph "45" of the COMPLAINT.

46.  UIC repeats and realleges as if set forth herein at length each and every allegation of paragraphs "1" through "45" *supra* in answer to paragraph "46" of the COMPLAINT.

47.  Denies the allegations of paragraph "47" of the COMPLAINT.

48.  Denies the existence of any Settlement Contract between Plaintiffs and Defendants except respecting contribution by UIC and CONTINENTAL of $6,701.46 each towards settlement of the Royal Action and denies all remaining allegations of paragraph "48" of the COMPLAINT.

49.  Denies the allegations of paragraph "49" of the COMPLAINT.

50.  Specifically denies any breach of any covenant of good faith and fair dealing by UIC and denies all remaining allegations of paragraph "50" of the COMPLAINT.

51. UIC repeats and realleges as if set forth herein at length each and every allegation of paragraphs "1" through "50" *supra* in answer to paragraph "51" of the COMPLAINT.

52. Admits that a policy was issued to NPR, Inc. but except as so admitted denies the allegations of paragraph "52" of the COMPLAINT.

53. Denies the allegations of paragraph "53" of the COMPLAINT.

54. Denies the existence of any settlement except respecting contribution by UIC and CONTINENTAL of $6,701.46 each towards settlement of the Royal Action and denies all remaining allegations of paragraph "54" of the COMPLAINT.

55. Specifically denies any breach of any insurance policy by UIC and denies all remaining allegations of paragraph 55" of the COMPLAINT.

56. UIC repeats and realleges as if set forth herein at length each and every allegation of paragraphs "1" through "55" *supra* in answer to paragraph "56" of the COMPLAINT.

57. Denies the existence of any settlement except respecting contribution by UIC and CONTINENTAL of $6,701.46 each towards settlement of the Royal Action and denies all the remaining allegations of paragraph "57" of the COMPLAINT.

58. Denies the allegations of paragraph "58" of the COMPLAINT.

59. Specifically denies any conversion of funds and denies all remaining allegations of paragraph "59" of the COMPLAINT.

60. UIC repeats and realleges as if set forth herein at length each and every allegation of paragraphs "1" through "59" *supra* in answer to paragraph "60" of the COMPLAINT.

61. Denies the allegations of paragraph "61" of the COMPLAINT.

62. Specifically denies the existence of any fiduciary duty or breach thereof and denies all remaining allegations of paragraph "62" of the COMPLAINT.

63. Specifically denies any fiduciary duty of breach thereof by UIC and denies all remaining allegations of paragraph "63" of the COMPLAINT.

64. UIC repeats and realleges as if set forth herein at length each and every allegation of paragraphs "1" through "63" *supra* in answer to paragraph "64" of the COMPLAINT.

65. Denies the allegations of paragraph "65" of the COMPLAINT.

66. Specifically denies the existence of any duty of loyalty or any breach thereof and denies all remaining allegations of paragraph "66" of the COMPLAINT.

67. Specifically denies any duty of loyalty to plaintiff or any breach thereof by UIC and denies all remaining allegations of paragraph "67" of the COMPLAINT.

68. UIC repeats and realleges as if set forth herein at length each and every allegation of paragraphs "1" through "67" *supra* in answer to paragraph "68" of the COMPLAINT.

69. Denies the allegations of paragraph "69" of the COMPLAINT.

70. Denies the allegations of paragraph "70" of the COMPLAINT.

71. Specifically denies any misappropriation of assets that rightfully belong to plaintiff by UIC and denies all remaining allegations of paragraph "71" of the COMPLAINT.

72. Specifically denies any misappropriation by UIC and denies all remaining allegations of paragraph "72" of the COMPLAINT.

73. UIC repeats and realleges as if set forth herein at length each and every allegation of paragraphs "1" through "72" *supra* in answer to paragraph "73" of the COMPLAINT.

74. Specifically denies any receipt by it of any benefit from plaintiff or any retention of any benefit received by it from plaintiff which would be unjust and denies all remaining allegations of paragraph "74" of the COMPLAINT.

75. Denies any conduct by it which would constitute unjust enrichment and denies all remaining allegations of paragraph "75" of the COMPLAINT.

76. Specifically denies any unjust enrichment and denies all remaining allegations of paragraph "76" of the COMPLAINT.

77. UIC repeats and realleges as if set forth herein at length each and every allegation of paragraphs "1" through "76" *supra* in answer to paragraph "77" of the COMPLAINT.

78. Specifically denies the actions alleged in the Complaint and denies the remaining allegations of paragraph "78" of the COMPLAINT.

79. Denies the allegations of paragraph "79" of the COMPLAINT.

80. Specifically deny any conspiracy to commit a tort and deny the remaining allegations of paragraph "80" of the COMPLAINT.

81. Specifically deny and conspiracy to commit a tort and deny all remaining allegations of paragraph "81" of the COMPLAINT.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE
### OF DEFENDANT UIC

82. Each and all of the claims asserted by plaintiff herein are untimely and are barred by the applicable statute and/or statutes of limitations applicable to each of plaintiff's claims.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE
### OF DEFENDANT UIC

83. Plaintiff has delayed unreasonably in commencing this action and the claims asserted herein are barred based upon the equitable doctrine of laches.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE
### OF DEFENDANT UIC

84. Plaintiff is not the real party in interest with respect to the claims asserted herein and is not entitled to commence or maintain this action.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE
### OF DEFENDANT UIC

85. This Court lacks jurisdiction of the subject matter of this action.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE
### OF DEFENDANT UIC

86. Defendant UIC is not subject to the *in personam* jurisdiction of this Court.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE
### OF DEFENDANT UIC

87. The venue of this matter has been improperly placed in the U.S. District Court for the Southern District of New York.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE
### OF DEFENDANT UIC

88. The policy of insurance in which UIC participates and which is alleged in the Complaint provides in relevant part:

>Warranted that this insurance shall not inure, directly or indirectly, to the benefit of any carrier or bailee.

89. Yellow has alleged and admits in the Complaint that it is "...a common carrier of goods engaged in interstate and international commence..." and acted as such with respect to the shipments which were alleged in the Complaint.

90. On the basis of the foregoing, Yellow is not entitled to claim and/or recovery under the policy and each and all of its claims as asserted herein are barred.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE OF DEFENDANT UIC

91. The policy in which UIC participates and which is alleged in the Complaint provides in further relevant part as follows:

>37. <u>OTHER INSURANCE</u>:
>
>In case the interest hereby insured is covered by other insurance (except as hereinafter provided) the loss shall be collected from the several policies in the order of the date of their attachment, insurance attaching on the same date to be deemed simultaneous and to continue pro rata; provided, however, that any Protection and Indemnity policy or other similar cargo liability coverage taken out by the carrier, shall not be considered as "Other Insurance" within the meaning of this clause.
>
>It is agreed, nevertheless, that where Underwriters are thus relieved of liability because of the existence of Other Insurance, Underwriters shall receive and retain the premium payable under this policy.

92. On the basis of the foregoing policy provision to the extent Yellow (and/or any real party in interest) is covered by other insurance which attached prior to attachment of the subject policy, coverage under the subject policy, if any, which is denied, is only for loss amounts in excess of coverage applicable under any such prior attaching policy.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE
### OF DEFENDANT UIC

93.     To the extent Yellow is asserting claims against UIC for loss and damage to cargo other than under the policy in which UIC participates and which is alleged in the complaint, such claims cannot be directly asserted against UIC and must be asserted against NPR, Inc. in the Bankruptcy Proceeding.

94.     As a result of the foregoing, the subject policy to which UIC subscribed does not provide any coverage for the loss alleged in the Complaint.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE
### OF DEFENDANT UIC

95.     Plaintiff is not insured under the subject policy in which UIC participates and as a result lacks the capacity to maintain this action.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE
### OF DEFENDANT UIC

96.     There is no privity of contract between plaintiff and UIC.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE
### OF DEFENDANT UIC

97.     The obligations, if any, of insurers participating in the subject policy, i.e. Continental Insurance Company and UIC, including any obligations to pay any claims, are several, and not joint, and are limited solely to the extent of their individual shares or percentages.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE
### OF DEFENDANT UIC

98.     If defendants or either defendant are found to have acted in bad faith, which is denied, any award is barred and/or must be reduced by the amount of the comparative bad faith of the plaintiff.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE
### OF DEFENDANT UIC

99. To the extent that any claims asserted by plaintiff herein are in violation of law and/or void and/or unenforceable under law and/or public policy, the claims are barred.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE
### OF DEFENDANT UIC

100. The alleged damages, if any, were not caused by the conduct of defendants, but were caused by persons or entities other than defendants.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE
### OF DEFENDANT UIC

101. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE
### OF DEFENDANT UIC

102. UIC has paid in full all sums it agreed to pay pursuant to any settlement agreement with Yellow.

WHEREFORE, Defendant UIC prays that an order be entered herein dismissing Plaintiff's Complaint against it and awarding UIC the costs, disbursements, and attorneys fees incurred by it in defense of this action and such other, further and/or different relief as the justice of the cause may require.

Dated: New York, New York
August 10, 2007

                          NICOLETTI HORNIG & SWEENEY
                          Attorneys for Defendant UIC

                          By: _____
                          Michael J. Carcich (MJC-5207)
                          Wall Street Plaza
                          88 Pine Street, 7th Floor
                          New York, New York 10005-1801
                          (212) 220-3830
                          Our File: 22000111 MJC

TO:

NOWELL AMOROSO KLEIN BIERMAN, P.A.
Attorneys for Plaintiff
155 Polifly Road
Hackensack, New Jersey 07601

MENDES & MOUNT
Attorneys for Defendant
THE CONTINENTAL INSURANCE COMPANY
750 Seventh Avenue
New York, New York 10009

X:\Public Word Files\22\111\LEGAL\ANSWER TO COMPLAINT OF UIC.8.10.07.mm.val.doc

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK     )
                     : s.s.:
COUNTY OF NEW YORK    )

VALERIE A. CLUNE, being duly sworn, deposes and says:

1. I am employed by the firm of NICOLETTI HORNIG & SWEENEY, attorneys for Defendant Underwriters Insurance Company. I am not a party to this action, am over 18 years of age and reside in Queens County, New York.

2. On August 10, 2007, I served the annexed ANSWER TO COMPLAINT upon the following:

NOWELL AMOROSO KLEIN BIERMAN, P.A.
Attorneys for Plaintiff
155 Polifly Road
Hackensack, New Jersey 07601

MENDES & MOUNT
Attorneys for Defendant
THE CONTINENTAL INSURANCE COMPANY
750 Seventh Avenue
New York, New York 10009

at the addresses designated by said attorneys for that purpose, by depositing true copies of same enclosed in postpaid, properly addressed wrappers in an official depository under the exclusive care and custody of the United States Postal Services within the State of New York.

_____
VALERIE A. CLUNE

Sworn to before me this
10th day of August, 2007

_____
Notary Public

ROSEMARIE RUSSO
Notary Public, State of New York
No. 01RU4634359
Qualified in Nassau County
Certificate Filed in New York County
Commission Expires Dec. 31, 20__