Stephen V. Rible (SR 4405)
MENDES & MOUNT, LLP
Attorneys for Defendant
THE CONTINENTAL INSURANCE COMPANY
750 Seventh Avenue
New York, New York 10019-6829
(212) 261-8000
Our File: 373,055

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

YELLOW TRANSPORTATION, INC.,
f/k/a YELLOW FREIGHT SYSTEMS, INC.,

                Plaintiff,

vs.

UNDERWRITERS INSURANCE COMPANY,
and XYZ CORPORATIONS, fictitious entities,

                Defendants.
------------------------------------------------------------------X

Civil Action No.:
07 CIV 4764
(Stanton, J.)

**ANSWER OF
DEFENDANT,
THE CONTINENTAL
INSURANCE COMPANY,
TO THE COMPLAINT**

        Defendant, THE CONTINENTAL INSURANCE COMPANY, (hereinafter "CONTINENTAL"), by its attorneys Mendes & Mount, LLP, as and for its ANSWER to Plaintiff's COMPLAINT herein, alleges on information and believe, as follows:

        1.     Admits that the paragraphs of the COMPLAINT following paragraph "1" are averred by Plaintiff through its counsel as Plaintiff's COMPLAINT. Except as so admitted, CONTINENTAL denies the allegations of paragraph "1" of the COMPLAINT.

        2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "2" of the COMPLAINT and on such basis denies those allegations.

        3.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "3" of the COMPLAINT and on such basis denies those allegations.

4.  Admits an office or place of business in Chicago, Illinois, but denies the remainder of the allegations contained in paragraph "4" of the COMPLAINT.

5.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "5" of the COMPLAINT and on such basis denies those allegations.

6.  Admits that Plaintiff alleges as the basis of Federal Court jurisdiction the diversity of citizenship of the parties. Except as so admitted, CONTINENTAL denies the allegations of paragraph "6" of the COMPLAINT.

7.  Denies the allegations of paragraph "7" of the COMPLAINT.

8.  Denies the allegations of paragraph "8" of the COMPLAINT.

9.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "9" of the COMPLAINT and on such basis denies those allegations.

10. Admits that defendants UNDERWRITERS INSURANCE COMPANY (hereinafter "UIC") and CONTINENTAL, each agreed to contribute $6,701.46 towards settlement of a certain action previously pending in the U.S. District Court of the Southern District of New York entitled Royal Insurance Company v. Yellow Freight Systems, Inc. Civil Action No. 00 Civ. 7176 (LLS), (hereinafter "the Royal Action"). Except as so admitted, CONTINENTAL denies the allegations of paragraph "10" of the COMPLAINT.

11. Admits that the basis of the Royal Insurance Company (hereinafter "Royal") claim in the Royal Action was alleged loss of cargo at sea while in transit to Puerto Rico. Except as so admitted, CONTINENTAL denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the COMPLAINT and on such basis, denies those allegations.

12. Admits that the cargo which was the subject of the Royal Action was carried on board an ocean vessel operated by NPR, Inc., the M/V HUMACAO, which on or about September 14-16, 1999, after leaving Jacksonville, Florida en route to San Juan, Puerto Rico encountered a peril of the sea in the form of Hurricane Floyd resulting in the loss overboard of the subject cargo. Except as so admitted CONTINENTAL denies the allegations of paragraph "12" of the COMPLAINT.

13. Admits that under its tariff, the applicable bills of lading, and applicable law NPR, Inc. is not liable for any loss, damage or delay caused by a peril of the sea and that NPR, Inc.'s tariff provided in part that:

> RULE 2-AG
> Effective: 07 May 1997
>
> INSURANCE
>
> MATTER TRANSFERRED FROM RULE 574
>
> (Only when in Water Carrier's Possession)
>
> I. Except for refrigerated or temperature controlled cargoes other than frozen, private owned vehicles, live animals, live plants or live trees . . . , the rates in Navieras Tariffs include insurance purchased by the Carrier for the benefit of the shipper and/or consignee . . . . The policies governing this insurance is an Open Cargo Policy issued through Marsh McLennan, 1166 Avenue of the Americas, New York, New York. Certificates of insurance are available upon request. . . .
>
> \* \* \*
>
> A. GENERAL:
>
> 1. Duration of Insurance:
>    This insurance commences at time the goods are received by Carrier and continues during ordinary course of transit until goods are delivered by Carrier

3

at point of discharge of goods from Carrier's vessel whichever occurs first....

* * *

B.  INSURING TERMS:

The insurance coverage is as follows:

1. Merchandise shipped is insured:

   To pay for physical loss and/or damage from any external cause including War Risk and SR&CC but to exclude improper packing, deterioration, inherent vice, improper stowage by shipper or his agent, or any other pre-existing condition.

2. The following Clauses of the open policy also apply:
   a.  Machinery Clause
   b.  Both to Blame Clause
   c.  Craft Clause
   d.  Labels Clause
   e.  Constructive Total Loss Clause
   f.  General Average Clause
   g.  Bill of Lading Clause
   h.  Nuclear Exclusion Clause.

3. Exclusion are standard wording of American Institute of American Underwriters Clauses:

   "Delay Clause" which excludes any loss caused by any delay however caused, and excludes claims based on loss of market.

* * *

D.  LIMITS OF INSURANCE COVERAGE:

1. Unless higher limits are arranged by the Carrier upon the request of the shipper and/or owner of the goods prior to shipment of the goods by the Carrier, the Insurance provided for in rates making reference to this Rule, shall be subject to the following limits:

   a.  Southbound Shipments:

4

> $75,0000 for loss or damage to all goods shipped in a trailer or, in the case of goods not shipped in a trailer, $75,000 for loss or damage to all goods shipped under a single bill of lading, "but in no case shall the coverage provided exceed the invoice value of the cargo plus freight, except for Alcoholic Beverages and Tobacco products. Alcoholic Beverages and Tobacco products are insured for invoice value plus freight, plus IR tax stamps or excise tax paid, subject to the limits above….

CONTINENTAL further admits that it had a 50% participation as an insurer on a several and not joint basis in a certain insurance policy no. JHMMI-JP98-1113 under which NPR, Inc. is a named insured and which provided, *inter alia*, "Tariff" coverage pursuant to the terms, conditions, provisions, exclusions, and limitations of the policy. Except as so admitted, CONTINENTAL denies the allegations set forth at paragraph "13" of the COMPLAINT.

14.   Admits that CONTINENTAL had a 50% participation as an insurer on a several and not joint basis in a certain insurance policy no. JHMMI-JP 98 1113 (hereinafter the "Policy") pursuant to its policy no. OC242457, which incepted on July 1, 1998 under which, *inter alia*, NPR, Inc. was an assured pursuant to the terms, conditions, provisions, exclusions and limitations thereof respecting certain risks as enumerated therein. Except as so admitted, CONTINENTAL denies the allegations of paragraph "14" of the COMPLAINT.

15.   Admits that UIC and CONTINENTAL under the Policy, on behalf of NPR, Inc. settled certain cargo claims asserted against NPR, Inc. respecting loss and/or damage to cargo carried on board the M/V HUMACAO as a result of Hurricane Floyd. Except as so admitted, CONTINENTAL denies the allegations of paragraph "15" of the COMPLAINT.

16.   Admits that the deductible provided in the Policy payable by NPR, Inc. respecting liability claims asserted by cargo claimants against it resulting from Hurricane Floyd was paid.

Except as so admitted, CONTINENTAL denies the allegations of paragraph "16" of the COMPLAINT.

17. Admits the allegations of paragraph "17" of the COMPLAINT.

18. Admits the allegations of paragraph "18" of the COMPLAINT.

19. Admits the allegations of paragraph "19" of the COMPLAINT.

20. Denies the allegations of paragraph "20" of the COMPLAINT, except admits that UIC and CONTINENTAL each agreed to contribute $6,701.46 towards settlement of the Royal Action.

21. Admits that on or about March 8, 2001 Plaintiff's counsel wrote to counsel for UIC and CONTINENTAL respecting settlement discussions between plaintiff and defendants herein, but denies that letter accurately reflects the content of those discussions or that any settlement was agreed and denies the remaining allegations of paragraph "21" of the COMPLAINT.

22. Admits that on or about March 13, 2001, in response to Plaintiff's counsel's letter of March 8, 2001, counsel for UIC, on behalf of UIC and CONTINENTAL, wrote to counsel for Plaintiff to correct the inaccuracies in Plaintiff's counsel's letter by confirming that counsel for UIC and CONTINENTAL had only offered to recommend settlement of certain claims to their principals and the terms on which they would do so. Except as so admitted, UIC denies the allegations of paragraph "22" of the COMPLAINT.

23. Admits that on March 15, 2001, counsel for Plaintiff wrote to confirm Plaintiff's agreement to settlement of the Royal Action only respecting which UIC's and CONTINENTAL'S respective counsel had agreed to recommend to their principals that they

each contribute $6,701.46 to which settlement UIC and CONTINENTAL subsequently agreed. Except as so admitted, UCI denies the allegations of paragraph "23" of the COMPLAINT.

24.   Admits that based on the agreement of the parties to the Royal Action (which did not include UIC or CONTINENTAL) to recommend settlement of that action that the Court entered a sixty day Order of settlement in the Royal Action. Except as so admitted, CONTINENTAL denies the allegations of paragraph "24" of the COMPLAINT.

25.   Admits that on or about March 21, 2001 Murphy Marine Services, Inc. and certain related companies, including NPR, Inc., as debtors, filed a petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (hereinafter the "Bankruptcy Proceeding"). Except as so admitted CONTINENTAL denies the allegations of paragraph "25" of the COMPLAINT.

26.   Admits that based on the filing of the Bankruptcy Proceeding, underwriters suspended payment of claims under the policy pending clarification by the Bankruptcy Court of their ability to fully discharge their liability under the policy by payment of such claims. Except as so admitted, CONTINENTAL denies the allegations of paragraph "26" of the COMPLAINT.

27.   Admits the allegations of paragraph "27" of the COMPLAINT.

28.   Admits the allegations of paragraph "28" of the COMPLAINT.

29.   Admits that UIC and Continental requested the debtors in the Bankruptcy Proceeding to do so and that on or about September 14, 2001, debtors in the Bankruptcy Proceeding did move in the Bankruptcy Court for an order that:

>   (i)   the Debtors have no legal or equitable interest in the insurance proceeds and/or the funds to be paid by the Insurance Companies respecting the Cargo Claims and that such funds are not property of the Debtors' Estates pursuant to 11 U.S.C. §541; (ii) the Insurance Companies are authorized to settle and pay the Cargo Claims without further order of the Court; (iii) upon payment of

such claims any obligations of the Insurance Companies to the Debtors shall be extinguished respecting the Cargo Claims; and (iv) granting the Debtors and the Insurance Companies such other and further relief as may be just and proper.

Except as so admitted, CONTINENTAL denies the allegations of paragraph "29" of the COMPLAINT.

30. Admits that on September 26, 2001 an Order was entered in the Bankruptcy Proceeding which speaks for itself and a true copy of which is attached as Exhibit "K" to the COMPLAINT. Except as so admitted, CONTINENTAL denies the allegations of paragraph "30" of the COMPLAINT.

31. Admits that on September 26, 2001 an order was entered in the Bankruptcy Proceeding which speaks for itself and a true copy of which is attached as Exhibit "K" to the COMPLAINT. Except as so admitted, CONTINENTAL denies the allegations of paragraph "31" of the COMPLAINT.

32. Admits the allegations of paragraph "32" of the COMPLAINT.

33. Admits that on or about July 25, 2002, the Bankruptcy Proceeding was converted from Chapter 11 to Chapter 7, but denies the remainder of the allegations contained in paragraph "33" of the COMPLAINT.

34. Denies the allegations of paragraph "34" of the COMPLAINT.

35. Admits that a true copy of an email dated June 30, 2006 from counsel for Plaintiff to counsel for UIC is attached as Exhibit "M" to the Complaint which email speaks for itself. Except as so admitted, CONTINENTAL denies the allegations of paragraph "35" of the COMPLAINT.

36. Admits that a true copy of a letter dated March 20, 2007 from counsel for Plaintiff to counsel for UIC is attached as Exhibit "N" to the Complaint which letter speaks for itself.

Except as so admitted, CONTINENTAL denies the allegations of paragraph "36" of the COMPLAINT.

37. Admits that a true copy of a letter dated March 20, 2007 from counsel for UIC on behalf of UNDERWRITERS INSURANCE COMPANY and CONTINENTAL to counsel for Plaintiff is attached as Exhibit "O" to the Complaint which letter speaks for itself. Except as so admitted, CONTINENTAL denies the allegations of paragraph "37" of the COMPLAINT.

38. Admits that a true copy of a motion filed by Plaintiff on or about March 30, 2007 in the Royal Action is attached as Exhibit "P" to the Complaint. Except as so admitted, CONTINENTAL denies the allegations of paragraph "38" of the COMPLAINT.

39. Admits that a true copy of an Order dated May 11, 2007 entered in the Royal Action is attached as Exhibit "Q" to the Complaint. Except as so admitted, CONTINENTAL denies the allegations of paragraph "39" of the COMPLAINT.

40. Denies knowledge or information sufficient to form a belief with respect to the allegations of paragraph "40" of the COMPLAINT and on such basis denies those allegations.

41. Admits that Plaintiff brings this Complaint for alleged breach of a "...Settlement Contract...", but specifically denies the existence of any such "Settlement Contract" except respecting contribution by UIC and CONTINENTAL of $6,701.46 each towards settlement of the Royal Action and denies all the remaining allegations of paragraph "41" of the COMPLAINT.

42. CONTINENTAL repeats and realleges as if set forth herein at length each and every allegation of paragraphs "1" through "41", *supra* in answer to paragraph "42" of the COMPLAINT.

43. Denies the existence of any Settlement except respecting contribution by UIC and CONTINENTAL of $6,701.46 each towards settlement of the Royal Action and denies all the remaining allegations of paragraph "43" of the COMPLAINT.

44. Denies the allegations of paragraph "44" of the COMPLAINT.

45. Denies the allegations of paragraph "45" of the COMPLAINT.

46. CONTINENTAL repeats and realleges as if set forth herein at length each and every allegation of paragraphs "1" through "45" *supra* in answer to paragraph "46" of the COMPLAINT.

47. Denies the allegations of paragraph "47" of the COMPLAINT.

48. Denies the existence of any Settlement Contract between Plaintiffs and Defendants except respecting contribution by UIC and CONTINENTAL of $6,701.46 each towards settlement of the Royal Action and denies all remaining allegations of paragraph "48" of the COMPLAINT.

49. Denies the allegations of paragraph "49" of the COMPLAINT.

50. Specifically denies any breach of any covenant of good faith and fair dealing by CONTINENTAL and denies all remaining allegations of paragraph "50" of the COMPLAINT.

51. CONTINENTAL repeats and realleges as if set forth herein at length each and every allegation of paragraphs "1" through "50" *supra* in answer to paragraph "51" of the COMPLAINT.

52. Admits that a policy was issued to NFR, Inc. but except as so admitted denies the allegations of paragraph "52" of the COMPLAINT.

53. Denies the allegations of paragraph "53" of the COMPLAINT.