54.    Denies the existence of any settlement except respecting contribution by UIC and CONTINENTAL of $6,701.46 each towards settlement of the Royal Action and denies all remaining allegations of paragraph "54" of the COMPLAINT.

55.    Specifically denies any breach of any insurance policy by CONTINENTAL and denies all remaining allegations of paragraph 55" of the COMPLAINT.

56.    CONTINENTAL repeats and realleges as if set forth herein at length each and every allegation of paragraphs "1" through "55" *supra* in answer to paragraph "56" of the COMPLAINT.

57.    Denies the existence of any settlement except respecting contribution by UIC and CONTINENTAL of $6,701.46 each towards settlement of the Royal Action and denies all the remaining allegations of paragraph "57" of the COMPLAINT.

58.    Denies the allegations of paragraph "58" of the COMPLAINT.

59.    Specifically denies any conversion of funds and denies all remaining allegations of paragraph "59" of the COMPLAINT.

60.    CONTINENTAL repeats and realleges as if set forth herein at length each and every allegation of paragraphs "1" through "59" *supra* in answer to paragraph "60" of the COMPLAINT.

61.    Denies the allegations of paragraph "61" of the COMPLAINT.

62.    Specifically denies the existence of any fiduciary duty or breach thereof and denies all remaining allegations of paragraph "62" of the COMPLAINT.

63.    Specifically denies any fiduciary duty of breach thereof by CONTINENTAL and denies all remaining allegations of paragraph "63" of the COMPLAINT.

64.    CONTINENTAL repeats and realleges as if set forth herein at length each and every allegation of paragraphs "1" through "63" *supra* in answer to paragraph "64" of the COMPLAINT.

65.    Denies the allegations of paragraph "65" of the COMPLAINT.

66.    Specifically denies the existence of any duty of loyalty or any breach thereof and denies all remaining allegations of paragraph "66" of the COMPLAINT.

67.    Specifically denies any duty of loyalty to plaintiff or any breach thereof by CONTINENTAL and denies all remaining allegations of paragraph "67" of the COMPLAINT.

68.    CONTINENTAL repeats and realleges as if set forth herein at length each and every allegation of paragraphs "1" through "67" *supra* in answer to paragraph "68" of the COMPLAINT.

69.    Denies the allegations of paragraph "69" of the COMPLAINT.

70.    Denies the allegations of paragraph "70" of the COMPLAINT.

71.    Specifically denies any misappropriation of assets that rightfully belong to plaintiff by CONTINENTAL and denies all remaining allegations of paragraph "71" of the COMPLAINT.

72.    Specifically denies any misappropriation by CONTINENTAL and denies all remaining allegations of paragraph "72" of the COMPLAINT.

73.    CONTINENTAL repeats and realleges as if set forth herein at length each and every allegation of paragraphs "1" through "72" *supra* in answer to paragraph "73" of the COMPLAINT.

74.     Specifically denies any receipt by it of any benefit from plaintiff or any retention of any benefit received by it from plaintiff which would be unjust and denies all remaining allegations of paragraph "74" of the COMPLAINT.

75.     Denies any conduct by it which would constitute unjust enrichment and denies all remaining allegations of paragraph "75" of the COMPLAINT.

76.     Specifically denies any unjust enrichment and denies all remaining allegations of paragraph "76" of the COMPLAINT.

77.     CONTINENTAL repeats and realleges as if set forth herein at length each and every allegation of paragraphs "1" through "76" *supra* in answer to paragraph "77" of the COMPLAINT.

78.     Specifically denies the actions alleged in the Complaint and denies the remaining allegations of paragraph "78" of the COMPLAINT.

79.     Denies the allegations of paragraph "79" of the COMPLAINT.

80.     Specifically deny any conspiracy to commit a tort and deny the remaining allegations of paragraph "80" of the COMPLAINT.

81.     Specifically deny and conspiracy to commit a tort and deny all remaining allegations of paragraph "81" of the COMPLAINT.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE
## OF DEFENDANT CONTINENTAL

82.     Each and all of the claims asserted by plaintiff herein are untimely and are barred by the applicable statute and/or statutes of limitations applicable to each of plaintiff's claims.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

**OF DEFENDANT CONTINENTAL**

83.     Plaintiff has delayed unreasonably in commencing this action and the claims asserted herein are barred based upon the equitable doctrine of laches.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**
**OF DEFENDANT CONTINENTAL**

84.     Plaintiff is not the real party in interest with respect to the claims asserted herein and is not entitled to commence or maintain this action.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**
**OF DEFENDANT CONTINENTAL**

85.     This Court lacks jurisdiction of the subject matter of this action.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**
**OF DEFENDANT CONTINENTAL**

86.     Defendant CONTINENTAL is not subject to the *in personam* jurisdiction of this Court.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**
**OF DEFENDANT CONTINENTAL**

87.     The venue of this matter has been improperly placed in the U.S. District Court for the Southern District of New York.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**
**OF DEFENDANT CONTINENTAL**

88.     The policy of insurance in which CONTINENTAL participates and which is alleged in the Complaint provides in relevant part:

> Warranted that this insurance shall not inure, directly or indirectly, to the benefit of any carrier or bailee.

89.    Yellow has alleged and admits in the Complaint that it is "…a common carrier of goods engaged in interstate and international commence…" and acted as such with respect to the shipments which were alleged in the Complaint.

90.    On the basis of the foregoing, Yellow is not entitled to claim and/or recovery under the policy and each and all of its claims as asserted herein are barred.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE
## OF DEFENDANT CONTINENTAL

91.    The policy in which CONTINENTAL participates and which is alleged in the Complaint provides in further relevant part as follows:

37.    OTHER INSURANCE:

In case the interest hereby insured is covered by other insurance (except as hereinafter provided) the loss shall be collected from the several policies in the order of the date of their attachment, insurance attaching on the same date to be deemed simultaneous and to continue pro rata; provided, however, that any Protection and Indemnity policy or other similar cargo liability coverage taken out by the carrier, shall not be considered as "Other Insurance" within the meaning of this clause.

It is agreed, nevertheless, that where Underwriters are thus relieved of liability because of the existence of Other Insurance, Underwriters shall receive and retain the premium payable under this policy.

92.    On the basis of the foregoing policy provision to the extent Yellow (and/or any real party in interest) is covered by other insurance which attached prior to attachment of the subject policy, coverage under the subject policy, if any, which is denied, is only for loss amounts in excess of coverage applicable under any such prior attaching policy.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE
## OF DEFENDANT CONTINENTAL

93.     To the extent Yellow is asserting claims against CONTINENTAL for loss and damage to cargo other than under the policy in which CONTINENTAL participates and which is alleged in the complaint, such claims cannot be directly asserted against CONTINENTAL and must be asserted against NPR, Inc. in the Bankruptcy Proceeding.

94.     As a result of the foregoing, the subject policy to which CONTINENTAL subscribed does not provide any coverage for the loss alleged in the Complaint.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE
## OF DEFENDANT CONTINENTAL

95.     Plaintiff is not insured under the subject policy in which CONTINENTAL participates and as a result lacks the capacity to maintain this action.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE
## OF DEFENDANT CONTINENTAL

96.     There is no privity of contract between plaintiff and CONTINENTAL.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE
## OF DEFENDANT CONTINENTAL

97.     The obligations, if any, of insurers participating in the subject policy, i.e. Continental Insurance Company and CONTINENTAL, including any obligations to pay any claims, are several, and not joint, and are limited solely to the extent of their individual shares or percentages.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE
## OF DEFENDANT CONTINENTAL

98.     If defendants or either defendant are found to have acted in bad faith, which is denied, any award is barred and/or must be reduced by the amount of the comparative bad faith of the plaintiff.

16

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE
### OF DEFENDANT CONTINENTAL

99.     To the extent that any claims asserted by plaintiff herein are in violation of law

and/or void and/or unenforceable under law and/or public policy, the claims are barred.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE
### OF DEFENDANT CONTINENTAL

100.     The alleged damages, if any, were not caused by the conduct of defendants, but

were caused by persons or entities other than defendants.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE
### OF DEFENDANT CONTINENTAL

101.     The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE
### OF DEFENDANT CONTINENTAL

102.     CONTINENTAL has paid in full all sums it agreed to pay pursuant to any

settlement agreement with Yellow.

WHEREFORE, Defendant CONTINENTAL prays that an order be entered herein

dismissing Plaintiff's Complaint against it and awarding CONTINENTAL the costs,

disbursements, and attorneys fees incurred by it in defense of this action and such other, further

and/or different relief as the justice of the cause may require.

Dated: New York, New York
       August 17, 2007

MENDES & MOUNT, LLP
Attorneys for Defendant
THE CONTINENTAL INSURANCE COMPANY

By:_____
    Stephen V. Ribie (SR 4405)
    750 Seventh Avenue
    New York, New York 10019-6829
    (212) 261-8000

17

Our File:  373,055

TO:    Nicoletti Hornig & Sweeney
       Attorneys for Defendant
       UNDERWRITERS INSURANCE COMPANY
       Wall Street Plaza
       88 Pine Street, 7th Floor
       New York, New York 10006-1801
       (212) 220-3830
       Your File: 22000111 MJC

       Nowell Amoroso Klein Bierman, P.A.
       Attorneys for Plaintiff
       YELLOW FREIGHT SYSTEMS, INC.
       155 Polifly Road
       Hackensack, NJ 07601
       (201) 343-5001

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| YELLOW TRANSPORTATION, INC., f/k/a YELLOW FREIGHT SYSTEMS, INC., | Civil Action No.: 07 CIV 4764 (Stanton, J.) |

Plaintiff,

vs.

**AFFIDAVIT OF
SERVICE**

UNDERWRITERS INSURANCE COMPANY,
THE CONTINENTAL INSURANCE COMPANY,
and XYZ CORPORATIONS, fictitious entities,

Defendants.

------------------------------------------------------------X

STATE OF NEW YORK    )
                     )    SS.:
COUNTY OF NEW YORK   )

I, ANGELA SAJOUS, being duly sworn, deposes and says:

I am not a party to the within action, am over 18 years of age and am employed in the county of New York . On August 17, 2007, I caused to be served the within ANSWER TO COMPLAINT OF DEFENDANT THE CONTINENTAL INSURANCE COMPANY and RULE 7.1(a) STATEMENT on:

Nicoletti Hornig & Sweeney
Attorneys for Defendant
UNDERWRITERS INSURANCE COMPANY
Wall Street Plaza
88 Pine Street, 7th Floor
New York, New York 10006-1801
(212) 220-3830

Nowell Amoroso Klein Bierman, P.A.
Attorneys for Plaintiff
YELLOW FREIGHT SYSTEMS, INC.
155 Polifly Road
Hackensack, NJ 07601
(201) 343-5001

by depositing a true copy thereof enclosed in a post-paid wrapper in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

_____
ANGELA SAJOUS

Sworn to before me this
17th day of August, 2007

_____
Notary Public

ANGEL . VALDERRAMA, JR.
Notary Public, State of New York
No. 01VA6116706
Qualified in Richmond County
Certificate Filed in New York County
Commission Expires October 4, 20__